IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANTUAN J. FOXX<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. |
| MIDLAND CREDIT MANAGEMENT, INC.,<br>MIDLAND FUNDING, LLC, ENCORE<br>CAPITAL GROUP, INC., AND<br>UNIDENTIFIED COLLECTOR AKA<br>DEFENDANT COLLECTOR DOE<br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| | | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**ANTUAN J. FOXX** ("Plaintiff"), by and through his attorney, William M. Kaludis, Esq. alleges the following against MIDLAND CREDIT MANAGEMENT, INC ("MCM"), MIDLAND FUNDING, LLC ("Midland"), ENCORE CAPITAL GROUP, INC. ("Encore"), and an UNIDENTIFIED COLLECTOR AKA DEFENDANT COLLECTOR DOE ("Collector Doe")(collectively referred to as "Defendants"):

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, **15 U.S.C. § 1692, et seq.** (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k (d)**.

1

3. This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq**. ("FDCPA") by all Defendants, in their illegal efforts to collect consumer debts.

4. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

5. Plaintiff, Antuan J. Foxx is a natural person who resides in Davidson County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

6. Defendant Midland Credit Management, Inc., is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and is a for-profit corporation specializing in debt collection which may be served through its agent for service of process at Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

7. Defendant Midland Funding, LLC, is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and is a for-profit corporation specializing in debt collection which may be served through its agent for service of process at Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312 as its registered agent for service of process.

8. Defendant Encore Capital Group, is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and is a for-profit corporation specializing in debt collection which can be served at its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

9. Defendant Collector John Doe is a natural person employed by Defendants as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6) but whose actual name is not known.

10. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.  Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a cell phone related debt originally owed to, or serviced by, T-Mobile, (hereinafter "T-Mobile").

12.  Sometime prior to August 2011 Plaintiff Foxx's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff Foxx.

*Phone call on or about March 31, 2014*

13.  On or about March 31, 2014 Plaintiff received a call from Defendants and spoke with Defendant Collector Doe.

14. Defendant Collector Doe asked Plaintiff Foxx about the alleged debt.

15.  Plaintiff Foxx explained that he is disabled and unable to pay the alleged debt.

16.  A conversation ensued between Defendant Collector Doe and Plaintiff in which Defendant asked Plaintiff about his disability and inability to pay and that Plaintiff would "have to accept the consequences".

17. The collector mentions "a lack of intention to pay the debt" and refers to the way Mr. Foxx "supports himself".  The collector also characterizes that the collection calls will continue with regularity persistence.

18. Ultimately, Mr. Foxx mentions that due to his health problems, he needs to discontinue the call, but the collector continues to keep speaking until the call is disconnected.

19. This call on this occasion with Defendant Collector Doe to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to *15 U.S.C. § 1692d, 15 U.S.C. § 1692d(5)*

20. The Defendants failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA, during the collection of Plaintiff's alleged debt.

## *Repeated campaign of harassing phone calls*

21. Since 2013, Plaintiff has been attempting to receive Social Security Disability and has been working only part-time due to his health problems.

22. Plaintiff has previously informed Defendants of this unfortunate situation multiple times in his phone conversations and maintains that that he is not employed full time and will be unable to pay any debts unless he is awarded Social Security Disability benefits.

23. Per Plaintiff's phone records and a call log kept by the Plaintiff, Defendants were repeatedly calling the Plaintiff's cell phone, up to four times daily, sometimes within an hour of their previous attempt.

24. The Defendants undertook a series of communications to the Plaintiff's cellular phone constituting harassment or abuse as described in *15 U.S.C. § 1692d(5)*. Such repeated calls are an invasion of privacy, harassing, unreasonable, systematic, and continuous in nature. They were made without regard to the Plaintiff's right to privacy, dignity, or respect.

25. Said calls were intentional, willful, and malicious and were intended to force, coerce, harass, frighten, embarrass, and/or humiliate the Plaintiff into paying a debt.

26. Plaintiff was hounded and harassed by these repeated calls. Plaintiff has repeatedly asked for the calls to stop, asking for the calls to even just be reduced to less than once a day.

27. Plaintiff requested that Defendant Collector Doe and other collectors stop calling daily and that the multiple calls are "unnecessary".

28. Plaintiff explained that he is disabled and was not working at that time.

29. Despite the Plaintiff's request to cease collection activity and explaining his illness, Defendants continued to repeatedly and continuously call the Plaintiff's cellular phone creating emotional distress, mental pain and anguish and further stressing the Plaintiff's already ill health.

30. As a proximate consequence of the invasion of privacy, repeated harassment and abuse, the Plaintiff has suffered worry, anxiety, embarrassment, and an aggravation of his disabling conditions.

### *Telephone Consumer Protection Act*

31. At all times relevant to the complaint, the Plaintiff was and is a "person" as defined by the TCPA by the TCPA 47 U.S.C. § 153(32).

32. At all times relevant to this complaint the Defendant Midland has owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

33. The Defendant Midland at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

34. The Defendant Midland at all times relevant to the complaint herein engages in "interstate communications" defined by the TCPA 47 U.S.C. § 153(22).

35. At all times relevant to this complaint, the Defendant Midland has used controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

36.  At all times relevant to this complaint, the Defendant Midland has used controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

*Illegal Auto-Dialed Collection Calls*

37.  Within the four years preceding the filing of this lawsuit, Defendant Midland telephoned the Plaintiff's cellular phone on numerous occasions and sometimes left pre-recorded voice mails on Plaintiff's cell phone in an attempt to collect a debt.

38.  On many of these messages, Plaintiff heard a message from Defendant Midland telling Plaintiff to return the call and leaving a reference toll free number.

38.  Plaintiff received more than thirty five calls within a 10 day period in July 2014 of these auto-dialed calls from Defendant Midland.

40.  These repeated auto-dialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(3), 1692d, 1692d(5), 1692d(6),1692e(7) and 1692f, amongst others as well as violations of the TCPA.

*Illegal Debt Collection and Collection Service Conduct by Defendants Caused Plaintiff to Suffer Actual Damages*

41. That the above-detailed conduct by Defendants, of privacy invasion, harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in illegally attempting to collect a debt from Plaintiff in violation of multiple provisions of the FDCPA, including, but not limited to, all of the above mentioned provisions of the FDCPA.

42. That Plaintiff has suffered actual damages as a result of these illegal communications and collection attempts by Defendants in the form of attorney's fees costs, anger, anxiety, emotional

6

distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

43. That Plaintiff is informed, believes, and therefore alleges that Defendants knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair, deceptive and illegal debt collection.

*Summary*

44. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

45. The Acts and omissions of Defendant MCM, Defendant Collector John Doe and the other debt collectors employed as agents by Defendant MCM who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relation to Midland Credit Management, Inc., their principal.

46. The acts and omissions by the Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant MCM in collecting consumer debts.

47. By committing these acts and omissions against Plaintiff, these Defendants and other debt collectors employed by Defendant MCM were motivated to benefit their principal, Defendant MCM.

48. The Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of Federal Law by the

debt collectors employed as agents by the Defendant including, but not limited to, violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*

50. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**., with respect to Plaintiff.

52. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to **15 U.S.C. § 1692k (a)(1)**, in an amount to be determined at trial by a jury; statutory damages pursuant to **15 U.S.C. § 1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00); and reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k (a)(3)** from each and every Defendant.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. Section 227, et seq.

53. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

54. Within the four year period immediately preceding this action, the Defendants made numerous calls to the Plaintiff's cellular telephone service using an automatic dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii).

55. The acts and/or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

56. As a casually direct and legally proximate result of the above violations of the TCPA and C.F.R., Defendants at all times material and relevant hereto, as described in this complaint, cause Plaintiff to sustain damages.

57. Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

58. Defendants made such calls willfully and in direct contradiction to Plaintiff's verbal request in the phone call recorded March 31, 2014 to cease and desist attempting to stop calling her cellular telephone.

59. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

60. Defendant willfully and knowingly violated the TCPA and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

61. Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

62. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

63. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> ***Abusive debt collection practices*** *contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs **and to invasions of individual privacy.***

**15 U.S.C. § 1692(a) (emphasis added).**

64. Congress further recognized a consumer's right to privacy in financial date in passing the Gramm Leech Bliley Act which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> *It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.*

**15 U.S.C. § 6801(a) (emphasis added).**

65. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully calling and then asking questions about Plaintiff's medical conditions and work status, after being told to stop and thereby invaded the Plaintiff's privacy.

66. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in offensive and invasive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

67. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

68. The conduct of the Defendant MCM and its agents, especially Defendant Collector Doe in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

69. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k (a)(1)** against each and every Defendant in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to **15 U.S.C. §1692k (a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k (a)(3)** against each and every Defendant;

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227, et seq.

- for an award of statutory damages of $500.00 per call pursuant to **47 U.S.C. Section 227(b)(3)(B)** against Defendant MCM and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to **47 U.S.C. Section 227(b)(3)** against Defendant MCM and for Plaintiff;

- for an injunction prohibiting Defendant MCM from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the **47 U.S.C. Section 227(b)(3)(a)**.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages against each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and /or negligent invasions of privacy in an amount to be determined at trial by a jury;

- for such other and further relief as may be just and proper.

Dated   March 30, 2015                    Respectfully submitted on behalf of,

**ANTUANN J. FOXX**

*/s/ William M. Kaludis*
William M. Kaludis, Atty.
SHIELD LAW GROUP
BPR #017433
1230 2nd Ave. S.
Nashville, TN 37210-4110
Phone: (615) 742-8020
Fax: (615) 255-6037
bill@shieldlawgroup.com